IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ANTHONY P. LOCRICCHIO,<br><br>Plaintiff,<br><br>v.<br><br>DONALD TRUMP, *et al.*,<br><br>Defendants. | Case No. 20-cv-00445-DKW-RT<br><br>**ORDER (1) DENYING IFP APPLICATION; (2) DENYING MOTION FOR RECUSAL; AND (3) DENYING MOTION FOR EMERGENCY HEARING** |

On October 14, 2020, Plaintiff Anthony Locricchio, proceeding pro se, filed a Complaint against President Donald Trump, Attorney General William Barr, Secretary of the Treasury Steven Mnuchin, and several United States Senators. Dkt. No. 1. Locricchio generally seeks criminal sanctions against Defendants and demands the issuance of injunctions either preventing or requiring Defendants and other government officials to take specific actions in the execution of their official duties.

In response to a Deficiency Order (Dkt. No. 3) for failure to pay court filing fees, Locricchio submitted an application to proceed without paying fees or costs, otherwise called an *in forma pauperis* or "IFP" application. Dkt. No. 5. Two days later, on October 21, 2020, having served none of the Defendants, Locricchio filed a motion for an ex parte emergency hearing to address the relief sought in the

Complaint.  Dkt. No. 6.  Finally, on October 23, 2020, Locricchio filed a motion asking for the recusal of the undersigned, apparently because the Court had not acted with sufficient speed on Locricchio's two-day old emergency hearing demand.  Dkt. No. 7.

Locricchio has now paid the civil filing fee.  Dkt. No. 8.  Accordingly, his IFP application is DENIED as moot.  For the reasons below, the Court also DENIES both Locricchio's motion for recusal and his motion for an emergency hearing.

I.      **Motion for Recusal**

Locricchio appears to bring his motion for recusal, Dkt. No. 7, under 28 U.S.C. § 455(a), which provides, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[1]  When a motion to recuse is brought under Section 455(a), "the motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned."  *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

---

[1] Recusal may also be sought under 28 U.S.C. § 144.  But Locricchio's motion will not be considered under Section 144 because it was not accompanied by an affidavit stating the "facts and reasons" that "the judge before whom the matter is pending has a personal bias or prejudice."  *Id.*

Locricchio's sole argument for why recusal is proper is that the Court failed to provide "good cause for not setting" an immediate, emergency ex parte hearing to address Locricchio's complaint. Dkt. No. 7; *see also* Dkt. No. 6. At the time Locricchio filed his recusal motion, the Court had not addressed his emergency hearing request that was then only two days old. Even if it had, denying the request, as it does now, an unfavorable judicial decision, or one entered after a perceived delay, are not by themselves proper grounds for recusal under Section 455(a). *See United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017) ("[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" (citing *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)) (internal quotation marks omitted)).

As Locricchio has failed to present any other reason why the Court's impartiality may "reasonably be questioned," his motion for recusal is DENIED.

## II. **Motion for Emergency Hearing**

Presumably, Locricchio brings his motion for an ex parte emergency hearing pursuant to Federal Rule of Civil Procedure 65(b). *See* Dkt. No. 6. The Court assumes this because (1) Locricchio fails to state under which vehicle he brings his motion, *see id.*, and (2) a temporary restraining order ("TRO") is the only means whereby this Court can grant civil injunctive relief at this stage of litigation absent

notice to the other party.  *See* Fed. R. Civ. P. 65(b)(1); *see also* Dkt. No. 6 at 3 (asking for relief "without notice").

>A TRO without notice to the adverse party may be granted only where:
>
>(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.*  Locricchio fails to meet these requirements.

Locricchio has not submitted a single verified filing.  *See* 28 U.S.C. § 1746; *see also Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (though the plaintiff did not meet the letter of 28 U.S.C. § 1746, the plaintiff "did verify his complaint because he stated under penalty of perjury that the contents were true and correct").  Nowhere in Locricchio's complaint does he swear under penalty of perjury that the facts as plead are true and correct.  *See* Dkt. Nos. 1, 1-1, 1-2.  And while a verified motion may serve as an affidavit, *Johnson v. Meltzer*, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (citations omitted), Locricchio's motion for an emergency hearing is also unverified.  *See* Dkt. No. 6.  Locricchio's TRO motion is denied on this ground alone.

Even if the Complaint or motion were verified, Locricchio has also failed to explain in a certified writing "any efforts made to give notice and the reasons why it should not be required."  *See* Fed. R. Civ. P. 65(b)(1)(B).  Locricchio claims,

"[a]n emergency situation exists wherein this order is issued without notice." Dkt. No. 6 at 3. The emergency, Locricchio argues, is the Senate's refusal to consider a bill to fund the postal service and its consideration of now confirmed Supreme Court Justice (then-nominee) Barrett, President Trump's dissemination of misinformation about mail-in voting, and Hawaiʻi's decision to reopen to tourists amid the current COVID-19 pandemic. *Id.* at 2–6. In addition to these issues being largely inappropriate for judicial review, they do not present compelling reasons for proceeding without notice.

Locricchio's motion for an ex parte emergency hearing, Dkt. No. 6, is DENIED. To the extent that motion also constitutes a request for a TRO, that request is also DENIED.[2]

---

[2] Local Rule 7.1(c) gives the Court the authority to decide without a hearing any motion where a hearing is not expressly required by law or rule.

## CONCLUSION

Locricchio's IFP application is DENIED as moot.   Locricchio's motion for recusal is DENIED.   Locricchio's motion for an emergency hearing is DENIED, and, to the extent that motion presents a motion for a TRO, that is also DENIED.[3]

IT IS SO ORDERED.

DATED:   October 28, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Anthony P. Locricchio v. Donald Trump, et al,* Civil No. 20-00445-DKW-RT;
**ORDER (1) DENYING IFP APPLICATION; (2) DENYING MOTION FOR RECUSAL; AND (3) DENYING MOTION FOR EMERGENCY HEARING**

---

[3]Locricchio filed a motion on October 28, 2020 asking another judge on this court to rule on his motion for an emergency hearing.   Dkt. No. 9.   As the undersigned has not recused and has now ruled on Locricchio's motion for an emergency hearing, that motion, Dkt. No. 9, is DENIED as moot.