IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANTHONY P. LOCRICCHIO,<br><br>Plaintiff,<br><br>v.<br><br>DONALD TRUMP, *et al.*,<br><br>Defendants. | Case No. 20-cv-00445-DKW-RT<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECUSAL** |

Before the Court is Plaintiff Anthony Locricchio's second motion to have the undersigned recused from the present case. Dkt. No. 19. For the reasons articulated below, the motion is DENIED.

## **RELEVANT BACKGROUND**

On October 14, 2020, Plaintiff Anthony Locricchio, proceeding pro se, filed a Complaint against then-President Donald Trump, then-Attorney General William Barr, then-Secretary of the Treasury Steven Mnuchin, and several United States Senators. Dkt. No. 1. Locricchio generally seeks criminal sanctions against Defendants and demands the issuance of injunctions either preventing or requiring Defendants and other government officials to take specific actions in the execution of their official duties. *Id.*

Before serving any Defendant, Locricchio filed a motion "to have [an] immediate emergency meeting to address [the] complaint [and] requested orders." Dkt. No. 6. The Court interpreted this as a motion for temporary restraining orders ("TROs"). Dkt. No. 11 at 3–4. The Court denied this motion, explaining that Locricchio failed to comply with Federal Rule of Civil Procedure 65(b)(1) because he provided no verified filing clearly showing that "immediate and irreparable injury" would result "before the adverse party [could] be heard" and he failed to explain why notice to Defendants should be excused. *Id.* at 4.

On February 21, 2021, Locricchio filed a second motion to have the undersigned recused from the case.[1] Dkt. No. 19. The Court's refusal to hold emergency hearings to address Locricchio's complaint appears to be the sole basis upon which he now seeks the undersigned's recusal. *Id.*

## DISCUSSION

Locricchio appears to bring his motion for recusal, Dkt. No. 19, under 28 U.S.C. § 455(a), which provides, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[2] When a motion to recuse is brought under

---

[1] The Court denied Locricchio's first motion for recusal on October 28, 2020. Dkt. No. 11.
[2] Recusal may also be sought under 28 U.S.C. § 144. But Locricchio's motion will not be considered under Section 144 because it was not accompanied by an affidavit stating the "facts and reasons" that "the judge before whom the matter is pending has a personal bias or prejudice." *Id.*

Section 455(a), "the motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

Locricchio's sole argument for why recusal is proper appears to be that the Court has "yet to comply with emergency motion to hold emergency hearings." Dkt. No. 19 at 2.³  Because there is currently no pending motion before the Court requesting "emergency hearings" or any other type of pre-judgment relief, the Court construes Locricchio's motion to seek recusal on the basis of the Court's decision to deny his prior motion for emergency hearings.  *See* Dkt. No. 11.  As the Court explained in denying Locricchio's first recusal motion, "an unfavorable judicial decision . . . [is] not by [itself a] proper ground[] for recusal under Section 455(a)."  Dkt. No. 11 at 4; *see also United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (citing *Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (internal quotation marks omitted)).

To the extent Locricchio's motion seeks recusal because the Court has delayed the proceedings, the argument is without merit and, even if were not, a

---

³Because it has no bearing on the Court's impartiality, the Court does not address Locricchio's insinuation (or accusation) that the Court's refusal to hold emergency ex parte hearings or issue the TROs he seeks in this case somehow caused or contributed to the violence at the United States Capitol on January 6, 2021.  Dkt. No. 19 at 2–3.  Though, of course, the Court disputes any such accusation.

delay in proceedings does not bear on the Court's impartiality in the case. 28 U.S.C. § 455(a). While Locricchio's complaint was filed in October 2020, Dkt. No. 1, he did not provide proof of service as to any Defendant until February 4, 2021, Dkt. No. 18. Locricchio appears to want the Court to proceed to address his claims without allowing Defendants any opportunity to make an appearance or respond. Dkt. No. 19 at 2. The Court generally does not proceed on such an ex parte basis that is antithetical to our adversarial system.

As Locricchio has failed to present any other reason why the Court's impartiality may "reasonably be questioned," his motion for recusal, Dkt. No. 19, is DENIED.

IT IS SO ORDERED.

DATED: February 24, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Anthony P. Locricchio v. Donald Trump, et al,* Civil No. 20-00445-DKW-RT;
**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECUSAL**