IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ANTHONY P. LOCRICCHIO,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD TRUMP, *et al.*,<br><br>Defendants. | Case No. 20-cv-00445-DKW-RT<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court is a motion to dismiss filed by the United States on behalf of all Defendants—former and current Executive Branch officials and United States Senators. Plaintiff Anthony Locricchio claims Defendants acted unlawfully when they nominated and voted to confirm now-Supreme Court Justice Amy Coney Barrett, downplayed the severity of COVID-19, dispatched federal law enforcement officers to protests in Portland in 2020, and, ahead of the 2020 Presidential election, spread misinformation about mail-in voting and failed to pass United States Postal Service funding legislation. Defendants argue these claims should be dismissed because most, if not all, of them are non-justiciable and, even if they were, Locricchio has failed to follow service of process rules and lacks standing. Because, as explained below, the Court agrees with Defendants, their motion to dismiss is GRANTED.

1

## RELEVANT BACKGROUND

Locricchio initiated this suit on October 14, 2020, naming as Defendants several now-former Executive Branch Officials as well as twenty-four current and former United States Senators. Dkt. No. 1.[1] Locricchio's complaint takes issue with several of Defendants' unrelated communications and policy choices. He alleges that the Senate's refusal to pass a bill providing additional funding to the United States Postal Service ("USPS") ahead of the 2020 Presidential election would affect mail-in voting and the delivery of vital medical supplies. *Id.* at 4–10. He asks the Court to block the nomination and confirmation of now-Supreme Court Justice Amy Coney Barrett. *Id.* at 7. He claims that former President Trump's decision to downplay the severity of COVID-19 led to additional infections and deaths from the virus, *id.* at 10, 13, and that, ahead of the 2020 Presidential election, former President Trump spread misinformation about mail-in voting, even encouraging supporters to vote twice. *Id.* at 21–22. He also claims former Attorney General Barr unlawfully sent "uniformed militia" to Portland.[2]

On April 2, 2021, the United States filed a motion to dismiss on behalf of all Defendants. Dkt. No. 22. Defendants argue the case should be dismissed because

---

[1] The Court agrees with the Government, Dkt. No. 22-1 at 2 n.1, that Locricchio appears to be bringing suit against these individuals solely in their official capacities because he does not claim to have suffered a *Bivens* injury and seeks only injunctive relief. *See Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016).

[2] Although this claim has no time reference, given the context and description, the Court takes judicial notice that the alleged invasion by uniformed militia occurred in the summer of 2020.

the Court lacks subject matter jurisdiction, Locricchio lacks standing, and his claims are moot, non-justiciable, and barred by both sovereign immunity and the Speech and Debate Clause of the United States Constitution. Dkt. No. 22-1 at 10–20. Defendants also assert that Locricchio has failed to follow service of process rules[3] and fails to state a cognizable claim. *Id.* at 20–23.

On April 2, 2021, Locricchio requested a 30-day extension to respond to Defendants' motion. Dkt. No. 31. In response, the Court granted Locricchio a two-week extension. Dkt. No. 33. While Locricchio submitted filings expressing his dissatisfaction that the Court did not grant the full 30-day extension he requested, Dkt. Nos. 36, 37, he has not filed a response to Defendants' motion within the time allotted or thereafter. This order follows.

## LEGAL STANDARD

**I.     Motion to Dismiss**

    **A.     Subject Matter Jurisdiction**

Rule 12(b)(1) allows a party to move the Court to dismiss an action when it "lack[s] subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction is "the courts' statutory or constitutional power to adjudicate the case."

---

[3] In response to a service deficiency notice, Dkt. No. 17, Locricchio attempted to effect service on Defendants by serving the U.S. Attorney's Office in the District of Hawaiʻi. Dkt. No. 18. However, he appears to have failed to even attempt service on the U.S. Attorney General in Washington, D.C., as required by Fed. R. Civ. P. 4(i)(1)(B), or on any named party, as required by Fed. R. Civ. P. 4(i)(2). *See* Fed. R. Civ. P. 4(i)(1)–(2).

*Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998). Relevant to the present suit, the Court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Not only must the suit arise under the laws of the United States, but it must also present a live "case" or "controversy" to be justiciable in federal court. *See* U.S. CONST. art. III § 2; *see also Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2565 (2019) ("Article III of the Constitution limits federal courts to deciding 'Cases' and 'Controversies.'"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011).

    **B.**    **Failure to State a Claim**

Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

4

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief, as required by Rule 8(a)(2). *Id.* at 679.

## II. Pro Se Status

The Court liberally construes a pro se litigant's filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *accord Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim, *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982), and may deny leave to amend where amendment would be futile, *see, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**DISCUSSION**

While the Complaint and attachments span over sixty pages, conspicuously missing is a cognizable justiciable claim. That is because Locricchio is not raising legal claims, but instead expressing generalized *political grievances*. Because such grievances are non-justiciable and Locricchio lacks standing, Defendants' motion to dismiss is GRANTED, and the case is DISMISSED WITH PREJUDICE.[4]

# I. Political Questions

"The Supreme Court has indicated that disputes involving political questions lie outside of the Article III jurisdiction of federal courts." *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007) (citing *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 215 (1974)). Thus, "if a case presents a political question, [the Court] lack[s] subject matter jurisdiction to decide that question." *Id.* at 982. A question may be said to be political where the matter at issue has been "committed by the Constitution to another branch of government." *See Baker v. Carr*, 369 U.S. 186, 211 (1962).

The power to pass legislation is committed to Congress and the President. Article I, Section 1 of the United States Constitution reads as follows: "All

---

[4]Because the political question and standing doctrines are sufficient to dismiss Locricchio's claims, the Court does not extensively evaluate Defendants' additional arguments for why the case should be dismissed. *See* Dkt. No. 10–20 (arguing Locricchio fails to state a claim, failed to follow service of process rules and that mootness, sovereign immunity and the Speech and Debate Clause, in any event, bar any properly stated and served claims).

legislative Powers herein granted shall be vested in Congress of the United States, which shall consist of a Senate and House of Representatives." The Constitution grants to the President the power to veto legislation. U.S .Const. art. I, § 7, cl. 2. The Constitution clearly does not limit *when* or *why* Congress may choose to present or pass legislation or when the President may choose to sign or veto a bill. Accordingly, any claim Locricchio has related to the Senate's failure to pass legislation relating to the Postal Service, *see, e.g.*, Dkt. No. 1 at 4–9, is DISMISSED WITH PREJUDICE.

The power to nominate a Supreme Court Justice rests with the President and the power to confirm the President's nominee rests with the Senate. U.S. Const. art. II, § 2, cl. 2 (the President "shall have Power, by and with the Advice and Consent of the Senate, to . . . appoint . . . Judges of the Supreme Court"). There are no limitations on when a nomination may be made, except that the nominator may only be the President of the United States. *See id.* And there are no limitations on when or how the Senate may advise and consent. *See id.* Accordingly, any claim related to the nomination or confirmation of Amy Coney Barrett to the Supreme Court is DISMISSED WITH PREJUDICE.[5]

---

[5] Moreover, as Defendants argue, Dkt. No. 22-1 at 13–14, Locricchio's challenge to Justice Barrett's confirmation process is moot, as she has since been confirmed, as is his demand that the Postal Service should receive additional funding ahead of the 2020 Presidential Election. *See Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) ("Where the activities sought to be enjoined already have occurred, and the [Court] cannot undo what has already been done, the action is moot, and must be dismissed.").

## II. <u>Standing</u>

"For a legal dispute to qualify as a genuine case or controversy, at least one plaintiff must have standing to sue." *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2565 (2019). To demonstrate standing, a plaintiff must show (1) he or she has suffered an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (citations omitted). The "injury" complained of must be (a) concrete (*i.e.*, real, not abstract) and particularized (specific to Plaintiff); and (b) actual or imminent. *See, e.g., Lujan*, 504 U.S. at 560–61; *Doran*, 524 F.3d at 1039. A "conjectural or hypothetical" injury is insufficient to satisfy the standing requirements. *Lujan*, 504 U.S. at 560 (citing *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)) (internal quotation marks omitted).

Locricchio fails to satisfy any of these requirements. His remaining allegations against former President Trump are as follows: (1) Trump spread misinformation about voting-by-mail ahead of the 2020 Presidential election; and (2) Trump downplayed the severity of the COVID-19 pandemic. *E.g.*, Dkt. No. 1 at 10–16. Locricchio speculates that these actions would disrupt mail-in-voting for the 2020 Presidential election, including requiring him to vote in person, and led to

additional infections and deaths from COVID-19.  *Id.*  First, Hawai'i permits absentee voting and, indeed, implemented such a procedure for the 2020 Presidential election.[6]  As a result, the former President's statements concerning voting-by-mail—as well as his alleged threat to veto Postal Service funding legislation—did not, and could not have, *forced Locricchio* to vote in person.

With regard to the former President's statements concerning the COVID-19 pandemic, Locricchio fails to show how those statements *caused him* a concrete and particularized injury.  While a President's rhetoric can affect the national dialogue and state policy, it was and continues to be the elected officials in each state and locality that make determinations about proper protocols and restrictions in response to the COVID-19 pandemic.[7]  In short, the Court agrees with Defendants that "[t]here is no link, let alone a fairly traceable one, between [the President's statements] and Locricchio's threat of exposure to COVID-19."  Dkt. No. 22-1 at 11.  Locricchio evidently wishes the former President had taken COVID-19 more seriously.  It is, of course, his right to desire this of an elected official; it is not, however, his right to have a court make it so.

---

[6]*See* Haw. Sess. Laws, Act 136; Haw. Rev. Stat. Ann. § 15-2 ("Any person registered to vote may cast an absentee ballot in the manner provided in this chapter and rules adopted by the chief election officer."); *see also Voting By Mail*, State of Hawai'i Office of Elections, https://elections.hawaii.gov/frequently-asked-questions/voting-by-mail/ (last visited May 7, 2021).

[7]*See, e.g.*, *COVID-19 County Orders and Rules*, https://governor.hawaii.gov/category/covid-19/covid-19-orders-and-rules/ (listing various COVID-19-related rules by county) (last visited May 10, 2021).

Locricchio's claims against Attorney General Barr for allegedly sending "militia" into Portland fail for similar reasons. He makes no allegations that he was in Portland at the time this occurred nor does he explain how the militia's presence there affected *his rights*. It is, again, a *political* grievance; he is generally upset with the conduct of a federal official but does not explain how that conduct affected him. This type of grievance is not sufficient to establish standing.

Moreover, even if Locricchio could trace an injury back to Defendants' alleged action (or inaction), he appears to have been affected just as any other citizen. In short, he raises only "generalized grievances," and such grievances are not remediable by this Court: "a suit rested upon an impermissible generalized grievance [is] inconsistent with the framework of Article III [where] the impact on [plaintiff] is plainly undifferentiated and common to all members of the public." *Lujan*, 504 U.S. at 575 (citation and internal quotation marks omitted).[8]

---

[8] Apparently aware that he cannot satisfy standing requirements, Locricchio asks the Court to find he has standing to bring this suit because "just filing this litigation places Plaintiff and members of his family at risk of physical harm and potential death." Dkt. No. 1 at 2–3. Even if that were true, Locricchio cites no source of law—and the Court finds none—recognizing this as a valid theory of standing. Accordingly, this theory of standing is rejected.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, Dkt. No. 22, is GRANTED. Because the Court finds amendment would be futile, DISMISSAL is WITH PREJUDICE. *See Leadsinger, Inc.*, 512 F.3d at 532. The Clerk of Court is instructed to enter judgment and close the case.[9]

IT IS SO ORDERED.

Dated: May 11, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Locricchio v. Trump, et al.*, Civil No. 20-00445-DKW-RT; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

---

[9] Locricchio also seems to have grievances with the Hawai'i Supreme Court related to disbarment proceedings in which he was involved, No. 1 at 28–33, as well as unspecified grievances against the Kailua Neighborhood Board, Randall and Kathleen Walters, and the "Mayor." Dkt. No. 1-1 at 4–6; Dkt. No. 1-2 at 16–17. He also has a gripe with the Hawai'i state government, which he argues needs to do more to protect its citizens from COVID-19, perhaps by transitioning its economy away from tourism. Dkt. No. 1-2 at 5–15. However, none of these persons or entities are party to this suit.